UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KATHY JAMES,**

    **Plaintiff,**

vs.                                                                         Case No.: 8:10-CV-472-T-27EAJ

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

    Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her claims for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI").

    The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case.[1]

    In an action for judicial review, the reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g) (2006). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's

---

[1] The District Judge referred this matter to the undersigned for consideration and a Report and Recommendation. See Local Rule 6.01(a), M.D. Fla.

findings, the court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979) (citation omitted).

If the Commissioner committed an error of law, the case must be remanded for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir.1987).

## Background

Plaintiff filed an application for DIB on April 19, 2006 (T 115) and an application for SSI on November 13, 2006 (T 120). Both applications alleged disability beginning on October 1, 2004. (T 11, 115, 120) Both applications were initially denied. (T 47). Plaintiff filed a request for reconsideration with the Commissioner (T 51), and on reconsideration, the Commissioner again denied Plaintiff's claims (T 52, 55). Plaintiff requested a hearing before an administrative law judge (T 59, 60), and a hearing was held on June 26, 2009. (T 11, 25) Fifty-three years old at the time of the hearing (T 26), Plaintiff completed high school and has at least some college education (T 20, 26). Plaintiff has past relevant work experience as a sales representative for food products. (T 20)

On July 22, 2009, an ALJ denied Plaintiff's application. (T 8) Although the ALJ determined that Plaintiff's severe impairments included a cervical spine disc herniation and affective disorder (T 13), these impairments, singularly or in combination, did not meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1 (2010). (T 14) The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as

defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except that she needs a sit/stand option every half hour; she is to avoid hazards, climbing, and temperature extremes; and she is limited to unskilled, low-stress, routine, repetitive tasks primarily dealing with things rather than people. (T 14) Although the ALJ found that Plaintiff was unable to return to her past relevant work experience (T 20), the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (T 21). On January 4, 2010, the Appeals Council denied review of the ALJ's decision, which then became the final decision of the Commissioner. (T 1)

The medical and other evidence of record has been summarized in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

## Discussion

Plaintiff contends that the case should be remanded because: (1) the ALJ erred by not finding Plaintiff's seizure disorder to be a severe impairment and by not including the seizure disorder in the hypothetical question posed to the vocational expert ("VE"); (2) the ALJ failed to give considerable weight to the opinion of Plaintiff's neurologist, Dr. William O. Tatum IV, D.O. ("Dr. Tatum"); (3) the ALJ failed to consider the written testimony of Plaintiff's mother; and (4) the testimony by the VE conflicts with the Dictionary of Occupational Titles ("DOT").

**1.      Plaintiff's Alleged Seizure Disorder**

Plaintiff contends that the ALJ erred by not finding her seizure disorder to be a severe impairment. Plaintiff's symptoms include tremors in her left hand and blackout spells. Although an MRI of Plaintiff's brain was normal (T 369), a twenty-four hour EEG showed multiple episodes of a tic, eyes wanting to cross, and hands and arms shaking (T 416). Thus, there is some objective medical evidence that supports Plaintiff's complaints of seizure-like symptoms. However, Plaintiff

was never diagnosed with a seizure disorder.  Plaintiff's neurologist, Dr. Tatum, doubted that the symptoms were epileptic in origin, and he thought the symptoms might be caused by medication Plaintiff was taking.  (T 420)  Dr. Tatum suggested that Plaintiff refrain from driving, swimming alone, climbing at heights, and working near electrical outlets and heavy machinery.  (T 421)

The ALJ acknowledged Plaintiff's testimony regarding the tremors and blackout spells.  (T 15, 16)  The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms.  (T 15)  However, the ALJ concluded that Plaintiff's testimony concerning the intensity, persistence, and limiting effects of the symptoms was not credible.[2]  (Id.)

Where an ALJ declines to credit a claimant's testimony regarding subjective complaints, the ALJ must "articulate explicit and adequate reasons for doing so."  Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (per curiam).  A clearly articulated credibility finding that is substantially supported by the record will not be overturned.  Id. at 1562 (citation omitted).

In discrediting Plaintiff's testimony regarding the severity of her tremors and blackout spells, the ALJ noted that the MRI of Plaintiff's brain was normal (T 369) and the EEG found no signs of epilepsy (T 416). (T 15)  Furthermore, treatment notes from a February 16, 2009 appointment with Dr. Sandra Penukonda, M.D. noted that the tremors were much better (T 16, 484).  Treatment notes from a July 27, 2006 visit with Dr. Michael A. Weitzner, M.D. ("Dr. Weitzner"), a psychiatrist, noted that Plaintiff displayed no tics or tremors.  (T 16, 304)  Plaintiff did not mention blackout spells or tremors in either of the functional reports she filled out.  (T 155, 199)  And finally, both of

---

[2] Plaintiff does not challenge the ALJ's credibility finding.  However, the credibility finding bears on whether the ALJ was required to include Plaintiff's complaints of seizure-like symptoms in the hypothetical question to the VE.

Plaintiff's physical RFC assessments indicate that Plaintiff's hand controls are not limited and she can frequently lift and/or carry twenty-five (25) pounds. (T 325, 356) The ALJ's credibility finding as to the severity and limiting effects of Plaintiff's blackout spells and tremors is supported by substantial evidence. The ALJ did not err by not finding Plaintiff's alleged seizure disorder to be a severe impairment.

In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question to the VE which includes all of a claimant's impairments. Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) (citation omitted). However, the ALJ is only required to include the limitations the ALJ finds supported by the evidence in the hypothetical question to the VE. See Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1161 (11th Cir. 2004). An ALJ may properly omit limitations that either are not supported by the medical evidence or are relieved by medication. See Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1270 (11th Cir. 2007).

Because the ALJ properly discredited Plaintiff's testimony regarding the severity of her alleged seizure-disorder symptoms, the ALJ was not required to include these limitations in the hypothetical question to the VE. Even so, the ALJ did include the limitations of no hazards and no climbing, which is consistent with the limitations suggested by Dr. Tatum. (T 38) The ALJ did not include Dr. Tatum's specific limitations of no working near electrical outlets and no driving in the hypothetical question to the VE. (T 421) However, none of the jobs identified by the VE involve exposure to electrical shocks. See Emp't & Training Admin., U.S. Dep't of Labor, Dictionary of Occupational Titles §§ 239.567-010, 729.684-054, 729.687-010 (4th ed., rev. 1991), available at http://www.oalj.dol.gov/libdot.htm. And only one of the jobs identified by the VE involves the possibility of driving an automobile. Id. As a result, the ALJ's hypothetical question to the VE was

proper, and the ALJ properly relied on the VE's testimony as substantial evidence.

**2.      Consideration Given to Dr. Tatum's Opinion**

Generally, a treating physician's opinion commands substantial or considerable weight unless good cause warrants otherwise. Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) (per curiam) (citation omitted). The ALJ must give good reasons for the weight given to a treating physician's opinion. 20 C.F.R. § 404.1527(d)(2) (2010). However, the ALJ is only required to give good reasons for the weight given to a "treating source." Smith v. Comm'r of Soc. Sec., 482 F.3d 873, 876 (6th Cir. 2007). A treating source is a medical professional who a claimant has seen with a frequency consistent with the accepted medical practice for the type of treatment required for the claimant's medical condition. 20 C.F.R. § 404.1502 (2010). Generally, a physician who examines Plaintiff on a single occasion is not considered a treating source, and the physician's opinion is not entitled to considerable weight. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987).

Plaintiff argues that the ALJ erred by not mentioning Dr. Tatum's opinion and by not giving it substantial weight. The ALJ's decision does expressly refer to Plaintiff's neurological examination and testing–all conducted at the direction of Dr. Tatum. (T 16) And although Dr. Tatum referred Plaintiff for multiple diagnostic tests (T 369, 415, 422, 424, 425), Plaintiff saw Dr. Tatum only once (T 417). This indicates that Plaintiff was consulting Dr. Tatum for diagnostic purposes, not for the purpose of establishing an ongoing treatment relationship. Thus, Dr. Tatum is not considered a treating source, and his opinion is not entitled to substantial or considerable weight.

Plaintiff also contends that the ALJ erred by not mentioning Dr. Tatum's specific restrictions of no driving, swimming alone, climbing at heights, and working near electrical outlets and heavy

machinery.  But, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision" so long as the decision considers the claimant's medical condition as a whole.  See Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005).  As discussed above, the ALJ clearly articulated and substantially supported his credibility finding concerning the severity of Plaintiff's alleged seizure-disorder symptoms.  The ALJ was not required to discuss the specific restrictions mentioned by Dr. Tatum.

**3.    Written Testimony of Plaintiff's Mother**

The ALJ may consider the testimony of a claimant's family members as evidence of a clamant's subjective feelings of pain and other subjective symptoms.  See Tieniber v. Heckler, 720 F.2d 1251, 1253 (11th Cir.1983); see also 20 C.F.R. § 404.1513(d)(4) (2010) ("[W]e may also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work . . . for example, spouses, parents and other caregivers.").  The ALJ is not required to make a specific credibility finding as to a family member's testimony if the credibility finding is implicit in the rejection of claimant's testimony.  Tieniber,  720 F.2d at 1254-55.

Plaintiff claims that the ALJ erred by not considering the written testimony of her mother, Elna M. Fager ("Fager").  Fager wrote a letter dated March 14, 2007 outlining many of Plaintiff's ailments. (T 231)  The letter mirrors Plaintiff's testimony before the ALJ.  Fager's letter mentions Plaintiff's bipolar disorder, Irritable Bowel Syndrome, and Plaintiff's various symptoms, including "panic attacks, double vision, eyes roll back in head, shaking, tremors, sees people around her, either no sleep or too much sleep."  (Id.)  The ALJ's decision considered Plaintiff's testimony regarding these ailments and discredited Plaintiff's testimony as to the severity and extent of Plaintiff's symptoms.

Regarding Plaintiff's mental status, the ALJ noted that although Plaintiff suffers from bipolar disorder and depression (T 17, 335, 340, 375), mental examinations show that Plaintiff was alert, oriented, had normal speech, adequate insight and judgement, and no indication of a psychotic process. (T 19)[3] The ALJ noted that Plaintiff's testimony regarding the severity of her seizure-like symptoms was inconsistent with both of Plaintiff's physical RFC assessments (325, 356) and treatment notes from Drs. Penukonda (T 484) and Weizner (T 304).

The ALJ's credibility finding regarding Plaintiff's testimony is supported by substantial evidence. Because the written testimony of Fager closely tracks Plaintiff's testimony, the ALJ's credibility finding as to Fager's testimony is implicit in the rejection of Plaintiff's testimony. The ALJ did not err by not mentioning the written testimony of Plaintiff's mother.

**4.     Conflict Between Vocational Expert's Testimony and the DOT**

Plaintiff argues that Social Security Ruling 00-4p requires an ALJ ask whether the VE's testimony conflicts with the DOT and to resolve any conflicts. However, the Eleventh Circuit has held that "when the VE's testimony conflicts with the DOT, the VE's testimony trumps the DOT." Jones, 190 F.3d at 1229 (citation and internal quotation marks omitted). And although the ruling post-dates the Jones decision, the Eleventh Circuit has held that Jones trumps Social Security Ruling 00-4p because agency rulings do not have the force and effect of law. Miller v. Comm'r of Soc. Sec., 246 F. App'x. 660, 661-62 (11th Cir. 2007) (unpublished opinion). The ALJ was not required to inquire about or resolve any apparent conflicts between the VE's testimony and the DOT.

---

[3] For example, Dr. Weitzner's notes indicate that Plaintiff showed no signs of thought disorder, her fund of knowledge was adequate, and her judgment was appropriate to the social situation. (T 16, 375, 377, 379). During a January 9, 2007 visit with Dr. Linda T. Inatsuka, Ph.D (Dr. Inatsuka), a licensed psychologist, Dr. Inatsuka also noted that Plaintiff showed no signs of a thought disorder and she demonstrated adequate insight and judgment. (T 18, 334)

**Conclusion**

The decision of the Commissioner denying Plaintiff's applications for DIB and SSI should be affirmed. Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) The decision of the Commissioner be **AFFIRMED** and this case dismissed, with each party to bear its own costs and expenses; and

(2) The Clerk of the Court shall enter final judgment in favor of Defendant consistent with 42 U.S.C. 405(g).

Dated: December 9, 2010

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attaching the factual findings on appeal. See 28 U.S.C. 636(b)(1).